UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN GALIOTO,

    Plaintiff,

v.     Case No. 6:25-cv-2277-CEM-LHP

TRANS UNION LLC AND CREDIT
CORP SOLUTIONS INC.,
    Defendants.

_____/

**CREDIT CORP SOLUTIONS INC.'S MOTION TO DISMISS
COUNT 6 OF PLAINTIFF'S COMPLAINT**

    The Defendant, Credit Corp Solutions Inc. ("Credit Corp"), by and through its undersigned counsel, moves to dismiss Count 6 of Plaintiff's First Amended Complaint (the "Complaint") [DE 1-2]. For the reasons set forth below, this Motion to Dismiss should be granted and Count 6 of the Complaint be dismissed.

**I.     FACTUAL BACKGROUND FOR DECLARATORY RELIEF CLAIM.**

    The Complaint alleges that Credit Corp is a business engaged in the business of soliciting consumer debts for collection. Complaint, at ¶ 62. It is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation under license number CCA9902738. *Id.* at ¶¶ 65-66.

The Complaint then proceeds to list a series of provisions within the Florida Administrative Code which are alleged in the Complaint to require Credit Corp to maintain and keep current certain records. *Id.* at ¶¶ 67-75. Plaintiff further alleges that Credit Corp failed to maintain the minimum mandatory records and that such a failure "voids Credit Corp's Consumer Collection Agency license." *Id.* at ¶ 87.

The Plaintiff seeks declaratory relief in Count 6 regarding an alleged

> bona fide and actual controversy as to whether Credit Corp: a. Was required under Florida law and the Florida Administrative Code to maintain certain documentation as a condition of licensure; b. Lost its legal authority to collect debts in Florida by failing to maintain such documentation; c. Was obligated to furnish complete and accurate account information to Trans Union, including information required to be maintained under Florida law; and d. Violated federal and state law by furnishing incomplete, misleading, or legally deficient information to a consumer reporting agency.

*Id.* ¶ 173. This Count fails to state a viable claim against Credit Corp because there is no private right of action for an individual to enforce the provisions of the Florida Administrative Code against a Consumer Collection Agency licensed by the State of Florida.

## MEMORANDUM OF LEGAL AUTHORITY

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF

### A. Standard On Motion To Dismiss

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint based on the "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court must accept "the allegations in the complaint as true and constru[e] them in a light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Federal law is well settled that to withstand a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Patel v. Catamaran Health Sols., LLC*, 2016 WL 5942475, at *2 (S.D. Fla. Jan. 14, 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a) (a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint should be dismissed if it does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570).

It is within this framework that the Court must address this Motion to Dismiss. As shown below, the Plaintiff fails to comply with these requirements of Fed. R. Civ. P. 8(a) in Count 6 of the Complaint and as a result, Count 6 should be dismissed.

## B. There is No Private Right of Action to Enforce the Florida Administrative Code Rule 69V-180.080 or Rule 69V-180.090.

In Count 6 of the Complaint, the Plaintiff alleges a claim for declaratory relief against Credit Corp to determine Credit Corp's obligations as a debt collector under the Florida Administrative Code. Complaint at ¶¶ 173, 174. Count 6 must be dismissed because there is no private right of action to enforce Fla. Admin. Code R. 69V-180.080 or R 69V-180.090, as the legislature did not provide for such action.

The Florida Supreme Court has held that "'[w]hether a violation of a statute can serve as the basis for a private cause of action is a question of legislative intent'" and courts "'must determine legislative intent from the plain meaning of the statute.'" *Fuller v. Mortg. Elec. Registration Sys. Inc.*, 888 F.Supp.2d 1257, 1270 (M.D.Fla.2012) quoting *Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So.2d 20, 23 (Fla.2004). The same instruction applies to determine whether there is a private cause of action for a violation of a Florida rule or regulation such those contained in the Florida Administrative Code. For example, in *Patel*, the plaintiff sued an insurer for charging unreasonable premiums. 2016 WL 5942475 at *2. The court found that none of the sections of the Florida Insurance Code cited by the plaintiff authorized a private right of action against insurers, reasoning that the Office of Insurance Regulation is responsible for enforcing such rules and that "the judiciary cannot provide a remedy for a violation of the Insurance Code when the

legislature has failed to do so." *Id*. at *5 quoting *Lemy v. Direct Gen. Fin. Co.*, 885 F. Supp. 2d 1265, 1272-73 (M.D. Fla. 2012), *aff'd*, 559 Fed.Appx. 796 (11th Cir. 2014); *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n*, 94 So. 3d 541, 553 (Fla. 2012) (internal quotations omitted).

"The doctrine of separation of powers provides that the Legislature decides what is the law, and the administrative body establishes guidelines to implement the statutory scheme consistent with the Legislature's objective." *Eaton v. Coal Par of West Virginia, Inc.*, 580 F.Supp. 572, 580 (S.D.Fla.1984). Here, Fla. Admin. Code R. 69V-180.080 outlines the requirements for records to be maintained by consumer collection agencies and Fla. Admin. Code R. 69V-180.090 deals with the requirements for records retention. Given the nature of Fla. Admin. Code R. 69V-180.080 and Fla. Admin. Code R. 69V-180.090, it follows that disciplinary actions may only be commenced by a state agency which is in charge of enforcing such regulations. Fla. Admin. Code R. 69V-180.100 (setting forth disciplinary guidelines to be followed by the Office of Financial Regulation for purposes of enforcement). It is clear from this framework that Florida law does not provide a private right of action for any alleged failure of a consumer collection agency to meet the recordkeeping requirements of Fla. Admin. Code R. 69V-180.080 or the record retention requirements of Fla. Admin. Code R. 69V-180.090.

The judiciary cannot provide a remedy for asserting a private right of action based on an alleged violation of Fla. Admin. Code R. 69V-180.080 or 69V-180.090 when the legislature has not. Therefore, Count 6 of the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

For the reasons set forth above, the Plaintiff respectfully requests that this Court dismiss Count 6 of the Complaint with prejudice, together with granting such other and further relief as to this Court appears just and proper.

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Samantha Espada
Florida Bar No. 1031984
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com
E-mail: sespada@brownrobert.com

*Attorneys for Defendant Credit Corp Solutions Inc.*

## Certificate of Service

      I hereby certify that on December 10, 2025 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Ivory Hadaway, Esq.
Victor Zabaleta, Esq.
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
E-mail: Ivory@pzlg.legal
E-mail: Victor@pzlg.legal
*Attorneys for Plaintiff*

Alexandria Epps, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT &MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
E-mail: aepps@qslwm.com
*Attorneys for Defendant Trans Union LLC*

                                                /s/ *Seth P. Robert*
                                                Seth P. Robert
                                                Florida Bar No. 145696