# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOHN GALIOTO,

    Plaintiff,

v.                                                          Case No. 6:25-CV-2277-CEM-LHP

TRANS UNION LLC AND CREDIT
CORP SOLUTIONS INC.,
    Defendants.

_____/

## CREDIT CORP SOLUTIONS INC.'S MOTION TO DISMISS
## COUNT 6 OF PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendant, Credit Corp Solutions Inc. ("Credit Corp"), by and through its undersigned counsel, moves to dismiss Count 6 of Plaintiff's Second Amended Complaint (the "Complaint") [DE 22], which was filed without first seeking leave of Court. For the reasons set forth below, this Motion to Dismiss should be granted and Count 6 of the Complaint be dismissed.

**I.**     **FACTUAL BACKGROUND FOR DECLARATORY RELIEF CLAIM.**

The Complaint alleges that Credit Corp is a business engaged in the business of soliciting consumer debts for collection. Complaint, at ¶ 62. It is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation under license number CCA9902738. *Id.* at ¶¶ 65-66.

The Complaint then proceeds to list a series of provisions within the Florida Administrative Code which are alleged in the Complaint to require Credit Corp to maintain and keep current certain records. *Id.* at ¶¶ 67-75. Plaintiff further alleges that Credit Corp failed to maintain the minimum mandatory records and that such a failure "voids Credit Corp's Consumer Collection Agency license." *Id.* at ¶ 87.

The Plaintiff now alleges that Credit Corp "failed to maintain and keep current Plaintiff's payment history, the date of the last payment, and the original account number" and also that it failed "to make the reporting [to Trans Union] complete, delete the information, or permanently block its reporting of the Alleged Debt following Plaintiff's written disputes." *Id.* ¶ 173. Moreover, Plaintiff alleges that:

> if Credit Corp maintained and kept current within seven days all the information and documentation required by Florida Administrative Code Rule 69V-180.080 with respect to Plaintiff and the Alleged Debt, a reasonable investigation into Plaintiff's disputes would have compelled Credit Corp to modify its reporting of the Alleged Debt consistent with the documents and information it maintains. Credit Corp, however, did not modify its reporting, thus evidencing Credit Corp's failure to maintain and keep current within seven days all the information and documentation required by Florida Administrative Code Rule 69V-180.080 with respect to Plaintiff and the Alleged Debt.

*Id.* In connection with such allegations, Plaintiff seeks declaratory relief in Count 6 regarding the alleged bona fide controversy of whether:

> Credit Corp is complying with the duties imposed by Fla. Stat. § 559.553(1), of which entails compliance with Florida Administrative Code Rule 69V-180.080 to maintain and keep current (within seven days) all required information and documentation with respect to accounts placed with it for collection involving Plaintiff, as such compliance is a condition precedent to Credit Corp's lawful registration as a consumer collection agency and its ability to collect debts from Plaintiff.

*Id.* ¶ 176. Plaintiff "seeks a judicial determination that Credit Corp must maintain, and keep current within seven days, all the information and documentation required by Florida Administrative Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff to lawfully collect debts from Plaintiff." *Id.* ¶ 183. Plaintiff "requests declaratory relief as set forth above, supplemental relief requiring Credit Corp to comply with Rule 69V-180.080 and cease unlawful collection activities until such compliance is achieved." *Id.* ¶ 184.

This count, just like the one alleged in the First Amended Complaint [DE 1-1], fails to state a viable claim against Credit Corp and should be dismissed because there is no private right of action for an individual to enforce the provisions of the Florida Administrative Code against a Consumer Collection Agency licensed by the State of Florida.

# MEMORANDUM OF LEGAL AUTHORITY

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF

### A. Standard On Motion To Dismiss

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint based on the "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court must accept "the allegations in the complaint as true and constru[e] them in a light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Federal law is well settled that to withstand a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Galimore v. State Attorney Amira D. Fox and Fort Myers*, 2026 WL 91480, at *1 (M.D. Fla. Jan. 13, 2026) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a) (a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint should be dismissed if it does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570).

It is within this framework that the Court must address this Motion to Dismiss. As shown below, the Plaintiff fails to comply with these requirements of Fed. R. Civ. P. 8(a) in Count 6 of the Complaint and as a result, Count 6 should be dismissed.

### B. There is No Private Right of Action to Enforce the Florida Administrative Code Rule 69V-180.080 or Rule 69V-180.090.

In Count 6 of the Complaint, the Plaintiff attempts to allege a claim for declaratory relief against Credit Corp to determine Credit Corp's obligations as a debt collector under the Florida Administrative Code. Complaint at ¶¶ 176, 183. Plaintiff "seeks a judicial determination that Credit Corp must maintain, and keep current within seven days, all the information and documentation required by Florida Administrative Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff to lawfully collect debts from Plaintiff." *Id.* ¶ 183. Plaintiff "requests declaratory relief as set forth above, supplemental relief requiring Credit Corp to comply with Rule 69V-180.080 and cease unlawful collection activities until such compliance is achieved." *Id.* ¶ 184.

"[T]he Declaratory Judgments Act is not an independent source of federal jurisdiction . . . the availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). When a statute does not authorize a private right of action, a declaratory judgment action seeking

relief based on the requirements of that statute is not permitted. *See Nelson v., Bank of America, N.A.*, 446 Fed. Appx. 158, 158-59 (11th Cir. 2011) (affirming dismissal of declaratory judgment action because Home Affordable Mortgage Program does not give borrowers a private right of action). Count 6 must be dismissed because the Florida legislature did not create a private right of action for a private party (not the State of Florida) to enforce Fla. Admin. Code R. 69V-180.080 or R 69V-180.090 and compel a party to comply with that statute.

The Florida Supreme Court has held that "'[w]hether a violation of a statute can serve as the basis for a private cause of action is a question of legislative intent'" and courts "'must determine legislative intent from the plain meaning of the statute.'" *Fuller v. Mortg. Elec. Registration Sys., Inc.*, 888 F.Supp.2d 1257, 1270 (M.D.Fla.2012) quoting *Aramark Unif. & Career Apparel, Inc. v. Easton*, 894 So.2d 20, 23 (Fla.2004). The same instruction applies to determine whether there is a private cause of action for a violation of a Florida rule or regulation such those contained in the Florida Administrative Code. For example, in *Patel*, the plaintiff sued an insurer for charging unreasonable premiums. 2016 WL 5942475 at *2. The court found that none of the sections of the Florida Insurance Code cited by the plaintiff authorized a private right of action against insurers, reasoning that the Office of Insurance Regulation is responsible for enforcing such rules and that "the

judiciary cannot provide a remedy for a violation of the Insurance Code when the legislature has failed to do so." *Id*. at *5 quoting *Lemy v. Direct Gen. Fin. Co.*, 885 F. Supp. 2d 1265, 1272-73 (M.D. Fla. 2012), *aff'd*, 559 Fed.Appx. 796 (11th Cir. 2014); *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n*, 94 So. 3d 541, 553 (Fla. 2012) (internal quotations omitted).

"The doctrine of separation of powers provides that the Legislature decides what is the law, and the administrative body establishes guidelines to implement the statutory scheme consistent with the Legislature's objective." *Eaton v. Coal Par of West Virginia, Inc.*, 580 F.Supp. 572, 580 (S.D.Fla.1984). Here, Fla. Admin. Code R. 69V-180.080 outlines the requirements for records to be maintained by consumer collection agencies and Fla. Admin. Code R. 69V-180.090 deals with the requirements for records retention. Rule 69V-180.080 specifically provides that records "shall be maintained" and "made available at all times for review by the Office of Financial Regulation," indicating that enforcement is intended to occur through an administrative agency rather than private litigation. Given the nature of Fla. Admin. Code R. 69V-180.080 and Fla. Admin. Code R. 69V-180.090, it follows that disciplinary actions may only be commenced by a state agency which is in charge of enforcing such regulations. Fla. Admin. Code R. 69V-180.100 (setting

forth disciplinary guidelines to be followed by the Office of Financial Regulation for purposes of enforcement).

Moreover, Plaintiff alleges that the "bona fide controversy" relates to whether Credit Corp, an out-of-state consumer debt collector (Complaint, at ¶ 7), "is complying with the duties imposed by Fla. Stat. § 559.553(1)." Complaint, at ¶ 176. However, according to Fla. Stat. § 559.553(4), an out-of-state consumer debt collector who fails to register in accordance with this part is "subject to an enforcement action <u>by the state</u>." *Id.* The Florida Statute does not provide for a private right of action. It is clear from this framework that Florida law does not provide a private right of action for any alleged failure of a consumer collection agency to meet the recordkeeping requirements of Fla. Admin. Code R. 69V-180.080 or the record retention requirements of Fla. Admin. Code R. 69V-180.090. The judiciary cannot provide a remedy for asserting a private right of action based on an alleged violation of Fla. Admin. Code R. 69V-180.080 or 69V-180.090 when the legislature has not.

Therefore, Count 6 of the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III. PLAINTIFF'S AMENDMENT OF COUNT 6 IS PROCEDURALLY IMPROPER

On October 24, 2025, Plaintiff filed a First Amended Complaint in the state court action (Case No. CACE-25-014779) prior to its removal to this Court. On December 10, 2025, Credit Corp filed a Motion to Dismiss Count 6 of Plaintiff's Complaint (the "Motion to Dismiss") [DE 12]. Instead of responding to the Motion to Dismiss, Plaintiff filed a second Amended Complaint [DE 18].

Fed. R. Civ. P. 15(a)(1) permits a plaintiff to file one amended complaint as a matter of course so long as the amended complaint is filed within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of service of a responsive pleading or a Fed. R. Civ. P. 12 (b), (e), or (f) motion. *See* Fed. R. Civ. P. 15(a)(1). Beyond these limits, a plaintiff may amend its complaint only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Here, the Plaintiff filed the second amended Complaint in an apparent effort to avoid briefing its opposition to Credit Corp's prior Motion to Dismiss. Although the Southern District of Florida in *Mia Aesthetics Clinic, LLC v. Willis*, 2022 WL 22854358 (S.D. Fla. Aug. 23, 2022), recognized that there is conflicting law on whether a plaintiff is entitled to amend their pleading as a matter of right after removal if they already amended as a matter of right in state court pre-removal (*id.*

at *2), the court in that case declined to address the conflict but found that the Plaintiff should be permitted to amend its complaint. *Id.*

In this case, no amendment should be permitted because the amended Count 6 still seeks declaratory relief to determine Credit Corp's obligations as a debt collector under the Florida Administrative Code. Complaint at ¶¶ 176, 183. However, because there is no private right of action to enforce Fla. Admin. Code R. 69V-180.080 or R 69V-180.090 (*see* Point II(B), *supra*), any request for leave to amend Count 6 should be denied as futile. *Patel v. Georgia Dep't BHDD*, 485 Fed. App'x 982, 982 (11th Cir. 2012) (citation omitted) ("the court may deny leave to amend on numerous grounds, including the futility of the amendment.").

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff respectfully requests that this Court dismiss Count 6 of the Complaint with prejudice, together with granting such other and further relief as to this Court appears just and proper.

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Samantha Espada
Florida Bar No. 1031984
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com
E-mail: sespada@brownrobert.com

*Attorneys for Defendant Credit Corp Solutions Inc.*

## Certificate of Service

I hereby certify that on January 14, 2026 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Ivory Hadaway, Esq.
Victor Zabaleta, Esq.
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
E-mail: Ivory@pzlg.legal
E-mail: Victor@pzlg.legal
*Attorneys for Plaintiff*

Alexandria Epps, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT &MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
E-mail: aepps@qslwm.com
*Attorneys for Defendant Trans Union LLC*

                                              /s/ *Seth P. Robert*
                                              Seth P. Robert
                                              Florida Bar No. 145696